UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RICKY ANDREW THOMPSON** | **CIVIL ACTION NO. 3:12-cv-1645** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **FOURTH JUDICIAL DISTRICT COURT, OUACHITA PARISH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION AND
ORDER DENYING PENDING MOTIONS

Proceeding *pro se* and *in forma pauperis*, plaintiff Ricky Andrew Thompson filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 13, 2012.  When he filed his complaint, plaintiff was an inmate at the Richwood Correctional Center (RCC), Monroe, Louisiana. While his complaint was pending review pursuant to 28 U.S.C. §1915, he was released from custody. Thereafter, it appears that he was rearrested and again incarcerated at RCC. Plaintiff has sued the Fourth Judicial District Court, the City of Monroe, the Richwood Correctional Center and "all employee offenders ID'ed as causing this/these tort issues; at RCC medical staff in particular and as per claim authors..." On June 22, 2012, while he was still in custody, he was allowed to proceed *in forma pauperis*. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint [Doc. 1] be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted. It is further ordered that plaintiff's Motions for Marshal's Services and Emergency Rulings and Change of Venue [Doc. 11], and plaintiff's

Second Motion for Service of Summons [Doc. 12] be **DENIED.**

*Background*

As noted above, when plaintiff filed his complaint, he was an inmate incarcerated at the RCC. It is unclear whether he was a detainee awaiting trial or whether he was a convict serving his sentence. In any event, his rambling, almost indecipherable complaint alleged that he

> filed in forma pauperis with physical evidence attachments these itemized damages multi-claims per suit civil cases and one appeal in Ouachita Parish Court or Monroe City Court and all cleared judicial frivolity review, Appeal 2010-F2188 had an order of appeal flat ignored I was not produced by OPSO for my 4th Judicial review date and no lawful rule and order in accord with petition mode has occurred yet; Civil Case 2009-2648 cleared frivolity on October 23, 2009 ... and no production order of this ... filed claim occurred still open and fact. MCC 2011-cv-00450 was heard by a defendant Judge Agent (Jefferson) subsequent it's frivolity clearance and had an injunctive lodging motion denied by this defendant in his own claim; he ordered it to Judge Sharp in Parish Court where it sits now though all fees have been paid as the law mandates pay; No rule and order date will issue nor warrants from OPSO if MCC 11-cv-450 is now 4th Jud. 2011-1928 it is fact La. State law guarantees frivolity free pauper brought claims a day in court to receive compensatory rule and order for the factual found to be so as alleged compensatable [sic] civil law violations ward to get, in these instances this has not occurred, it is fact state law limits time to compensate a victim in my petition mode that is 110 days max or auto recuse and transfer for resolution it is fact this hasn't occurred either I still have no recovery, I now have no assets or housing. My state ID has expired it was valid when this started. It is fact claimant damages recovery immediately follows frivolity clearance subsequent judicial review of the suits and their physically facts these cases haven't worked like the law states. [Doc. 1, ¶IV]

His claim for relief was even more opaque:

> I want my property (guarantees). I want my cases bound over to this district court sys. ASAP with jury trial set to occur in Shreveport post 20 days of recovery at the Horshoe Casino injunctive lodging with stated food/drink tab and $200.00 a day petty case to expise mundanes [sic]. I want a court day here for general logistics to ready the docket and receive my initial orders. I want ASAP vacance of the City's now pending MCC issues one case I was in jail so couldn't reasonlessly self ban from Wal-Mart and Case 2 no person affiant/claimant exists, I want a Shreveport co-counselor to prep the people's case. I want a Bulova Marine Star Watch from

> 1804 Louisville Ave ... chronograph expense so I won't be late for the peoples business in Shreveport or here and all else proper at this preliminary stage. Lastly, I want to be in Shreveport lodged at the Casino by this 4th of July 2012. [Doc. 1, ¶V]

As noted above, plaintiff was granted leave to proceed *in forma pauperis* on June 22, 2012, while he was still incarcerated. [Doc. 7] He was released from custody sometime before July 10, 2012, and on that date he appeared at the Clerk of Court's Office in Monroe and Summons were prepared at his request. Plaintiff also provided a residential address in Monroe. [Docs. 8 and 9] On July 30, 2012, he filed a one-page handwritten pleading which he entitled "Formal Move for Marshal Services of Complaint" and "Emergency Rulings on Injunctions and All Other Preliminaries Including Change of Venue Due to Accused Popularity in this Area Only May Cause Jury Due Process Issue." This pleading is impossible to decipher – plaintiff seems to complain about arrests and pending charges, his kidnapping by an officer of the Monroe Police Department and the officer's theft of $250 from the plaintiff during the booking procedure. He further indicates that he is currently involved in protests at businesses in Monroe and that the address he supplied is the address of the Salvation Army shelter in Monroe. [Doc. 11]

On August 10, 2012, he filed yet another hand-written indecipherable pleading he entitled "Formal Request for Marshal Service of Summons and Waiver of Material Component and Associated Data with Other Needs and Need Dutiful Declarations." [Doc. 12] This pleading was mailed to the Court and plaintiff supplied the return address of the RCC at 180 Pine Bayou Circle in Monroe, which suggests that plaintiff has been re-arrested and incarcerated.

*Law and Analysis*

*1. Screening*

Plaintiff was a prisoner when he filed this suit; it appears that he was released, then rearrested and is now once again incarcerated. When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.§§ 1915 and 1915A.

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's pleadings allege NO facts and are clearly fanciful, fantastic, and delusional. Plaintiff has submitted three virtually incomprehensible pleadings; further amendment would serve no useful purpose.

**2. Juridical Entity**

Plaintiff has sued the Fourth Judicial District Court.  Rule 17(b) of the Federal Rules of Civil Procedure provides that capacity to sue or be sued is determined "by the law of the state where the court is located ..." Fed.R.Civ.P. 17(b)(3). Under Louisiana law, an entity must qualify as a "juridical person" before it may be sued. *Hunt v. Town of New Llano*, 930 So.2d 251, 254, (La.App. 3d Cir.2006) (citations omitted). A "juridical person" is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Art. 24.

This court has previously recognized that Louisiana's Fourth Judicial District Court is not a juridical person or entity capable of being sued. *See e.g., Brown v. Noel*, 2010 WL 2682464 (W.D.La. May 7, 2010)(Report and Recommendation), citing *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D.La.) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir.1976)) and, 2010 WL 2696151 (W.D.La. Jul 02, 2010) (Judgment); *Moore v. Fourth Judicial District Court*, 2012 WL 1391652 (W.D.La. March 9, 2012.) (Report and Recommendation) and 2012 WL 1391638 (W.D.La. Apr 20, 2012) (Judgment). Consequently, the Fourth Judicial District Court is not a proper defendant in this action, and plaintiff's claims against that entity must be dismissed, with prejudice as frivolous. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir.1991) (affirming district court's dismissal, with prejudice, of defendant that could not be sued as an independent entity).

### 3. Vicarious Liability

Richwood Corrections Center and the City of Monroe appear to be a juridical persons capable of being sued. However, it appears that plaintiff seeks to hold both these entities liable under 42 U.S.C. § 1983 for the acts of their employees. A municipal corporation, such as the City of Monroe, is not vicariously liable for the constitutional torts of its employees. Municipal liability under section 1983 requires "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001) (quoting *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)). These requirements for municipal liability under section 1983 distinguish the actions of government employees from those of the government itself. *Id.* In other words, Section 1983 does not permit municipal liability on the basis of *respondeat superior*. *Id.* at 578 (quoting *Bd. Of*

*Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997)). "Isolated unconstitutional acts by municipal employees will almost never trigger liability" under section 1983. *Id.* at 578 (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir.1984), *cert. denied*, 472 U.S. 1016 (1985)).

A private corporation such as RCC is also not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir.2003), where the Fifth Circuit extended municipal corporate liability under § 1983 to include private prison-management corporations and their employees. Plaintiff's complaint is devoid of any allegations that an official policy or custom was the "moving force" behind their employees' alleged deprivation of his civil rights. In other words, plaintiff's claims against these defendants should be dismissed as frivolous.

### 4. John Doe Defendants

Finally, plaintiff seeks to hold liable "all employee offenders ID'ed as causing this/these tort issues; at RCC medical staff in particular and as per claim authors..." However, plaintiff has not identified ANY individuals who he claims violated rights guaranteed to him under the Constitution or laws of the United States. Further, to the extent that he seeks to hold this amorphous multitude of persons liable, he has alleged nothing other than conclusory allegations of fault insufficient to state a claim for which relief may be granted. His claim against "all employee offenders" is likewise frivolous.

### 5. Conclusion

Plaintiff's claims are indecipherable and, at best, fanciful and delusional. His complaint should be dismissed as frivolous and for failing to state a claim for which relief may be granted.

Further, since his claims for relief are subject to dismissal as frivolous, his pending motions should also be denied.

### *Recommendation and Order*

Therefore

**IT IS ORDERED** that plaintiff's Motions for Marshal's Services and Emergency Rulings and Change of Venue [Doc. 11] and, plaintiff's Second Motion for Service of Summons [Doc. 12] be **DENIED;** and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 24, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE