RECEIVED
IN MONROE, LA.

DEC 18 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| RICKY ANDREW THOMPSON | CIVIL ACTION NO. 12-01645 |
| VERSUS | JUDGE ROBERT G. JAMES |
| FOURTH JUDICIAL DISTRICT COURT, OUACHITA PARISH, ET AL. | MAG. JUDGE KAREN L. HAYES |

# RULING

Pending before the Court is a civil rights action filed by Plaintiff Ricky Andrew Thompson ("Thompson"), acting *pro se*, on June 13, 2012, pursuant to 42 U.S.C. § 1983. On September 25, 2012, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 14], recommending that this Court dismiss Thompson's Complaint as frivolous and for failure to state a claim. Having reviewed the record, however, the Court finds that Thompson's Complaint should be dismissed be dismissed at this time without prejudice under Local Rule 41.3W and Federal Rule of Civil Procedure 41(b).

At the time he filed his Complaint, Thompson was an inmate at Richwood Correctional Center ("RCC"). Thompson was released from custody and filed a notice of change of address, which was received by the Clerk of Court on July 10, 2012. In that notice, Thompson listed his address as 105 Hart Street, Monroe, Louisiana, which is the address for the Salvation Army. However, Thompson was later returned to the custody of the RCC because on July 30 and August 10, 2012, he filed pleadings with the Court, listing his prisoner identification number and his address as 180 Pine Bayou Circle, Monroe, Louisiana, the address for RCC.

Between August 13, 2012, and November 14, 2012, all mail sent to Thompson at both 105 Hart Street and at RCC has been returned as undeliverable, including a copy of the Report and Recommendation sent to both addresses.

Local Rule 41.3W, in pertinent part, provides:

> The failure of an attorney or *pro se* litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Further, Federal Rule of Civil Procedure 41(b) allows the Court *sua sponte* to dismiss an action with prejudice for failure to prosecute or to comply with any court order. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190-91 (5th Cir. 1992).

In the present case, more than thirty days have expired since mail has been returned as undeliverable to this Court. Thompson has made no effort to update his address or further prosecute his case.

Accordingly, for the foregoing reasons, IT IS ORDERED that Thompson's civil rights action is DISMISSED WITHOUT PREJUDICE failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3W.

MONROE, LOUISIANA, this 17 day of December, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

2